UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ALBERT PADGETT, | ) |
| Petitioner, | ) Case No. 1:23-cv-136 |
| v. | ) Judge Travis R. McDonough |
| CHRISTOPHER BRUN,[1] | ) Magistrate Judge Susan K. Lee |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Petitioner Albert Padgett's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and "Respondent's Motion to Dismiss the Petition as Untimely and to be Excused from Filing Complete State-Court Record" (Doc. 8). Petitioner has not filed a response to the motion, and the deadline to do so has passed (*See* Doc. 3, at 1). For the reasons set forth below, the Court will grant Respondent's motion and dismiss the petition with prejudice.

I. **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Sometime after 11:00 p.m. on September 30, 1994, and into the hours of October 1, 1994, Petitioner and another male abducted a woman at gunpoint, drove her to another location, and

---

[1] Under the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"), the proper Respondent in this action is "the state officer who has custody" of Petitioner. See Rule 2(a), § 2254 Rules. Therefore, Christopher Brun is substituted as Respondent in this action, as he is Warden of the Turney Center Industrial Complex where Petitioner is housed. See Tenn. Dep't of Corr., State Prison List, https://www.tn.gov/content/tn/correction/state-prisons/state-prison-list/turney-center-industrial-complex.html (last visited Sept. 11, 2023).

raped her. *State v. Padgett*, No. 02C01-9705-CR-1038, 1998 WL 473884, at *1 (Tenn. Crim. App. Aug. 14, 1998) ("*Padgett*"). Based on events that occurred prior to the abduction, Petitioner was also indicted for aggravated robbery and theft over $1,000. *Id*. at *2. At trial, Petitioner pled guilty to theft, one count of aggravated robbery, and one count of aggravated rape by vaginal penetration. *Id*. Petitioner proceeded to trial on the remaining charges, and a jury convicted Petitioner of aggravated robbery, especially aggravated kidnapping, and aggravated rape by anal penetration. *Id*. On May 31, 1996 (Doc. 10-1), the trial court sentenced Petitioner to an effective sentence of 103 years. *Id.* at *1.

On June 20, 1996, Petitioner escaped from custody and attempted to murder a man (Doc. 7-4). Petitioner was re-apprehended and pled guilty to escape and attempted murder on February 18, 1997 (Doc. 7-5). Petitioner did not appeal.

Petitioner appealed his May 31, 1996, convictions to the Tennessee Court of Criminal Appeals ("TCCA"), which affirmed his convictions on August 14, 1998. *Padgett*, 1998 WL 473884, at *1. Petitioner did not pursue any further review in State court, and the mandate issued on November 4, 1998 (Doc. 7-1).

Petitioner then filed his federal habeas petition on or about June 7, 2023 (Doc. 1).[2] On April 11, 2023, this Court ordered Respondent to file a response to the petition (Doc. 3). Respondent complied by filing a partial State-court record and the instant motion on August 7,

---

[2] A prisoner's federal application is deemed filed when it is handed to prison authorities for mailing, *see Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002), and under Sixth Circuit precedent, the date Petitioner signed the document is typically deemed the date of handing it to the prison authorities for mailing, *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Petitioner signed his petition on June 7, 2023 (Doc. 1 p. 15). Therefore, the Court finds Petitioner filed his petition on that date.

2

2023 (Docs. 7-10). Petitioner did not file a response within the allotted time frame (Doc. 3, at 1), and this matter is ripe for review.

## II. LEGAL STANDARD

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The issue of whether Respondent's motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

In "appropriate cases," § 2244(d) "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Id.* at 649 (quoting *Pace v.*

3

*DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Additionally, a "credible showing of actual innocence" may overcome the AEDPA's limitation period. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To demonstrate his actual innocence, a petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327-28 (1995) (internal quotation marks omitted)).

## III. DISCUSSION

Petitioner's challenges to his judgments of conviction are time barred.[3] Petitioner's May 31, 1996, convictions for especially aggravated kidnapping, two counts of aggravated rape, two counts of aggravated robbery, and theft over $1,000 became final on October 13, 1998—sixty days after the TCCA denied his appeal on August 14, 1998. *See* Tenn. R. App. P. 11(b) (providing appellant sixty days to apply for permission to appeal to the Tennessee Supreme Court). The federal statute of limitations as to these claims began running the following day, October 14, 1998, and it ran until it elapsed one year later on October 14, 1999.

---

[3] Respondent notes that Petitioner's challenges to his convictions for attempted first-degree murder and escape are judgments unrelated to the convictions Petitioner challenges in Hamilton County Criminal Court No. 20430 (Doc. 1, at 1; Doc. 7-2; Doc. 7-4). Respondent contends, therefore, that these convictions are improperly filed in this action and must be dismissed because the § 2254 Rules require a petitioner to file separate petitions "from judgments of more than one state court" (Doc. 10, at 5–6). Rule 2(e), § 2254 Rules. But the Court assumes without deciding that a petitioner "may challenge multiple judgments from the same court in a single petition." *In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019) (citations omitted).

4

Additionally, Petitioner's convictions for escape and attempted murder, which stemmed from his escape from custody on June 20, 1996, became final on March 20, 1997—thirty days after his February 18, 1997, guilty plea (Doc. 7-5). *See* Tenn. R. App. P. 4(a) (requiring notice of appeal to be filed within thirty days of the appealed-from judgment). The limitations period began running the following day, March 21, 1997, and it ran until it expired a year later on March 23, 1998.[4]

Therefore, Petitioner filed his federal habeas petition more than two decades after the federal statute of limitations expired as to all the challenged convictions. Thus, the Court can consider the petition's merits only if Petitioner establishes an entitlement to equitable tolling of the limitations period or demonstrates a "credible showing of actual innocence." *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies); *see also McQuiggin*, 569 U.S. at 392 (holding "credible showing of actual innocence" may overcome AEDPA's limitations period).

Petitioner does not acknowledge that his petition is untimely and presents no argument that equitable tolling should apply. And the Court finds no basis in the petition to conclude that it should apply equitable tolling. Further, Petitioner has not presented a credible showing of actual innocence as to any of his crimes. Accordingly, the Court finds that the instant petition is untimely, and Respondent's motion should be granted. Because the full trial transcripts and appellate briefs are immaterial to the issue of the petition's timeliness, Respondent will also be excused from filing the complete state-court record.

## IV. CERTIFICATE OF APPEALABILITY

---

[4] The one-year deadline expired on March 21, 1998, but because that date fell on a Saturday, the Court extends the deadline until the next business day. *See* Fed. R. Civ. P. 6(a)(1)(C).

This Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. *See* Rule 11(a), § 2254 Rules. Additionally, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find it debatable that the instant petition is untimely, the Court will deny a COA.

## V. CONCLUSION

For the reasons set forth above, the Court will **GRANT** Respondent's motion (Doc. 8) and **DISMISS** Petitioner's federal habeas petition with prejudice. The Court will **DENY** a COA.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**